IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:10cr00018-002 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GILBERTO CUEN, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

On January 28, 2015, Defendant Gilberto Cuen filed a Motion to Reduce Sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. [ECF No. 148.] I denied that Motion on March 23, 2015, stating that, "[b]ecause Defendant was sentenced to the minimum period of incarceration permitted by statute, no reduction is authorized." [ECF No. 149.] Defendant filed a Motion for Reconsideration on November 16, 2015. [ECF No. 162.]

Defendant's Motion is untimely. Rule 35 countenances reconsideration of a sentence within fourteen days of sentencing. See Fed. R. Crim. P. 35(a). Defendant's motion for reconsideration comes almost eight months too late. Accord United States v. Goodwyn, 596 F.3d 233, 235–36 (4th Cir. 2010).

Moreover, even if the Motion were timely, I would be constrained to deny it. Defendant is correct that his Guidelines range was lowered by Amendment 782, see, e.g., United States v. Gaynor, 521 F. App'x 151, 155–56 (4th Cir. 2013) (unpublished) (per curiam), but that change does not result in a lower sentence for Defendant because the mandatory minimum to which Defendant was subjected is still in effect. Originally, Defendant's Total Offense Level was 25 and, with a Criminal History Category III, his Guidelines range was 70–87 months.[1] With a

---

[1] Defendant was sentenced to the mandatory minimum—sixty months—which represented a departure below the Guidelines range.

two-point reduction to his Total Offense Level, Defendant's new Guidelines range would be 57–71 months, but because the mandatory minimum is 60 months on Defendant's charge, the actual range would be 60–71 months.  See U.S.S.G. § 5G1.1.

I am not permitted to sentence Defendant below the mandatory minimum unless certain criteria are met, i.e., a motion for substantial assistance under 18 U.S.C. § 3553(e) has been granted, or the safety valve has been applied, see U.S.S.G. § 5C1.2.  Because none of those criteria are present in this case, granting Defendant a two-point reduction would be futile.  The law does not permit me to grant him a comparable reduction below the mandatory minimum, and therefore the law requires that his sentence stay the same.  Because Defendant's sentence would not change if he were granted the two-point reduction, his Motion for Reconsideration is hereby **DENIED**.

The clerk is directed to forward a copy of this Order to Defendant and all counsel of record.

Entered this 18th day of November, 2015.


s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

- 2 -